[L. A. No. 3353.    Department Two.—September 30, 1914.]

## JOHN C. ELLSWORTH, Respondent, v. G. PALMTAG, Appellant.

PARTITION—ENFORCING DELIVERY OF DEED IN PURSUANCE OF AGREEMENT —DESCRIPTION — FINDING AGAINST MISTAKE — EVIDENCE.—In an action between tenants in common to compel the delivery of a deed executed by the defendant to the plaintiff in pursuance of their agreement for the partition of the land held by them in common, the evidence is held sufficient to sustain the finding that there was no mistake in the description of the property referred to in such deed.

ID.—ACTION NOT FOR SPECIFIC PERFORMANCE—ADEQUACY OF CONSIDERATION.—Such action is not one for the specific performance of a contract of sale and purchase, and the adequacy of the consideration paid by the plaintiff for the land is not involved.

ID.—EVIDENCE—REVIEW ON APPEAL.—Assignments of error, based on certain rulings of the trial court made during the examination of witnesses, are examined and held to be without merit.

APPEAL from a judgment of the Superior Court of San Bernardino County.    Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

R. E. Bledsoe, and Willis & Guthrie, for Appellant.

Halsey W. Allen, for Respondent.

MELVIN, J.—Defendant appeals from a judgment against him.

The complaint alleged that on May 25, 1909, plaintiff and defendant were the owners as tenants in common, each entitled to an undivided half interest, of the following described real property in San Bernardino County: ''The south one-half (S. ½) of the southwest quarter (S. W. ¼) of the northeast quarter (N. E. ¼) of section numbered five (5) township one (1) south, range three (3) west, San Bernardino base and meridian''.; that on the above date plaintiff and defendant agreed to partition this land and in the execution of said arrangement plaintiff was to convey his undivided half interest in the land to Palmtag and the latter was to convey to Ellsworth the south one-half of the said tract; that deeds were

executed by the respective parties accordingly and were delivered to J. A. Scott of San Bernardino with the agreement between Ellsworth and Palmtag that Scott should place the deeds with the Redlands National Bank there to be held until defendant should demand the deed of plaintiff's interest to him; and that upon delivery of the last mentioned deed, then the deed of Palmtag to Ellsworth should be delivered to the latter. It is further alleged that Scott deposited the deeds with the Redlands National Bank; that the bank thereafter delivered both deeds to Palmtag who immediately placed of record the one in which he was mentioned as grantee and then conveyed the north half of the property to one Hanson; and that he refuses to deliver the other deed to Ellsworth, his grantee thereunder. The prayer is for a decree declaring that Palmtag has no estate or interest in the south half of the described tract; that Ellsworth's title is valid; that Palmtag be enjoined and debarred from asserting title to said premises adverse to Ellsworth; that Palmtag be required to deliver to Ellsworth the deed to the south half of the described land or if that be impossible to execute a new deed in lieu thereof or if he refuse to do either, that a commissioner perform that function for him. Damages are also prayed for.

The court found in substantial accordance with the demands of plaintiff, decreeing that the property should be deeded to Ellsworth, and awarding seventy-five dollars as damages and the costs of suit amounting to $110.60. Without reviewing the evidence, it is sufficient to say that all of the findings are abundantly sustained by it. Defendant did not deny the execution of the deeds as pleaded but testified that by a mistake the description of the property in the instrument referred to the south half of the land which he and Ellsworth apparently held by tenancy in common instead of the south half of another tract of twenty acres which Palmtag had bought from Wendleborn and Leipsic, being the north half of the southwest quarter of the northeast quarter of section 5, township 1 south, range 3 west, S. B. B. & M. The court found that this was not true and that there had been no mistake. Defendant swore that Ellsworth had paid nothing for the half interest which stood in his name prior to May 25, 1909, but that he himself had bought it from one Hill but had taken the title through three different grantees of whom plaintiff was the last, because his (Palmtag's) wife was adverse to

signing deeds. There was evidence in opposition to this, which the court evidently believed, that Palmtag wanted to prevent one Rouse from acquiring the half interest in the property and planned to buy it for two hundred dollars; that he sent the money and had the deed executed to Boyd who afterwards conveyed to Deichelborer who then conveyed to plaintiff who had paid Palmtag two hundred and thirty dollars, an amount equal to that which Palmtag had sent to Hill plus thirty dollars expended for taxes; and that the reason for the use of the name of Boyd as grantee in the deed from Hill was Palmtag's unwillingness to let Rouse know of his connection with the matter.

In support of his theory that a mistake had been made, Palmtag proved that a well had been sunk on the south part of the tract under an agreement between himself, Ellsworth, and Hanson that he was to have half of the flow and Ellsworth and Hanson each one-quarter of the water. It was proven that they had not yet paid for one-half of the construction of the well and pumping plant and the court so found; but the mere fact that the land now owned by Ellsworth contains this well and equipment, in which both parties to this action may have an interest if the terms of their contract be fulfilled, does not show that Palmtag must have been mistaken in consenting to let his former tenant in common take that land. His deed did not convey title to the pumping plant nor abrogate the contract for sharing the water.

Counsel for appellant insist that there was a gross inadequacy of the price paid for the land by Ellsworth. In the first place, this is not an action for specific performance of a contract of sale and purchase, and the adequacy of the consideration is not involved, and in the second place there was evidence, not contradicted by Palmtag, that the price paid to Hill was thirty dollars less than that paid by Ellsworth for the same interest.

Certain rulings of the court made during the examination of witnesses are specified as erroneous. We have examined these assignments and find them without merit. On the cross-examination of Ellsworth counsel asked if he had been present when the site for the well was selected. Objections to questions along this line having been sustained, the following question was then propounded: "Weren't you cultivating a portion of that tract of land out there—a portion of the forty

acres?" A general objection to this question was sustained. Appellant insists that he was entitled to show that Ellsworth was cultivating a part of the forty acres outside of the ten acres now claimed by him, but even if that were true the question as propounded did not have any tendency to develop that fact. The ruling was correct. The court also sustained the objections, on the grounds of immateriality and that they were not proper cross-examination, of the following questions propounded to plaintiff on cross-examination: "Who dug that well and put that plant up there?" "You say you were on the ground at the time the place was designated where the well should be sunk?" and "You were a party to a written contract with Palmtag and Hanson to sink that well on the premises out there?" Clearly these questions were not within the scope of proper cross-examination. Plaintiff had not testified in chief about the well or the contract for sinking it. These matters were all included in Palmtag's defense and if admissible at all were not properly brought into the case under the guise of cross-examination.

Objections by respondent's counsel to certain questions propounded by defendant's counsel to defendant on redirect examination were sustained. All of these questions related to supposed agreements for the division of water or to the selection of the place for the well. The questions relating to the contract were framed so that answers would reflect defendant's interpretation of the agreement, rather than the terms thereof, and therefore the objections were properly sustained. It made no difference who chose the place for the well and therefore the objections to the questions upon that subject should have been sustained. The matter was not a proper one for redirect examination. There had been no cross-examination with reference to the selection of the location for the well. The court found that Palmtag, Hanson, and Ellsworth agreed upon the place at which boring for water should be conducted which was to be on the southerly ten-acre tract near the east end thereof, and near the line between the property deeded to Hanson and that claimed by Ellsworth. Since all of the parties agreed upon that place it matters not who proposed the location. Appellant insists that he could have proved that Ellsworth selected the place for the well, without his (Palmtag's) knowledge, and never made any claim to the south ten acres until after the well was partly

constructed. But even if that were true, it would not prove that Ellsworth claimed no interest in the ten acres in question. The well had to be on property belonging to some one of the parties to the agreement and since Ellsworth was to get only one-fourth of the water the placing of the well on his property might have been or might not have been an advantage to him. The questions were neither proper redirect examination nor were they addressed to relevant matters.

No other alleged errors require comment.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.